(No. 4589—

JOHN DAVIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1955.*

ARRINGTON AND HEALY AND JOHN G. POUST, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

This case is before the Court on a motion of respondent to dismiss the amended complaint filed herein by claimant, John Davis, for the reason that said claim is barred by Chap. 37, Sec. 439.22, Ill. Rev. Stats., in that said claim was not filed with the Clerk of the Court within a period of two years after the cause of action first accrued.

The record before us consists of the amended complaint, respondent's motion to strike and dismiss claimant's amended complaint, suggestions in support of said motion, claimant's suggestions in opposition to respondent's motion to strike claimant's amended complaint, and respondent's motion to strike and dismiss claimant's suggestions in opposition to respondent's motion to strike and dismiss the amended complaint. .

The claim was originally filed by claimant herein with the Clerk of the Court of Claims on December 1, 1953. The amended complaint was filed on June 30, 1954. Both the original claim and the amended complaint are based upon an accident, which occurred on May 25, 1951, as a result of which claimant, John Davis, who was at said time an inmate in the Illinois State Penitentiary at Joliet, Illinois, suffered personal injuries. While operating a certain machine, known as a wool cording machine, claimant's shirt sleeve became entangled, and his right hand was drawn in between the rollers. It was crushed and mangled to such an extent that it became necessary to amputate said hand and part of the lower arm immediately thereafter at the prison hospital. Claimant charges that the injury was sustained because of the absence of safety guards and safety devices to stop the wool cording machine instantly, and other acts of negligence on the part of respondent. Claimant prays damages against respondent in the amount of $7,500.00. On March 19, 1954, upon expiration of sentence, claimant was discharged from the penitentiary.

As stated above, respondent's motion to dismiss is based upon the grounds that the statute of limitations contained in Sec. 22 of the Court of Claims Act, being Chap. 37, Sec. 439.22, Ill. Rev. Stats., (1951 State Bar Association Edition), has run against claimant in that

his cause of action accrued on May 25, 1951, and the original complaint was not filed until December 1, 1953, being more than two years subsequent to the alleged date of injury. Sec. 22 of the Court of Claims law provides as follows:

"Every claim cognizable by the Court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within two years after it first accrues, saving to infants, idiots, lunatics, insane persons, and persons under other disability at the time the claim accrues two years from the time the disability ceases; provided, that any officer or enlisted man in the National Guard, Naval Reserve or Illinois Reserve Militia who sustained an injury to his property, arising out of and in the course of active duty while lawfully performing the same, at any time within 5 years prior to the effective date of this amendatory Act may file a claim therefor within two years after the effective date of this amendatory Act. (As amended by Act approved July 23, 1951.)"

It is claimant's position that the time limitation did not begin to run against him during his imprisonment.

This, however, is not the law, since it is the well established rule followed by this Court that persons incarcerated in a penal institution are not, by mere reason of such incarceration, under disability within the contemplation of the savings clause of Sec. 22. *McElyea* vs. *State*, 7 C.C.R. 69; *Robertson* vs. *State*, 19 C.C.R. 146; *DeVore* vs. *State*, 21 C.C.R. 106; *Atkinson* vs. *State*, 21 C.C.R. 429.

Claimant also contends that said statute should not operate as a bar in this instance, due to the fact that claimant, during his imprisonment, was without access to competent legal counsel, and was unlearned in the law with only an eighth grade education; and, further, in September of 1952, filed a claim with the Industrial Commission believing such procedure proper in order to secure redress and compensation for his injury. It is further contended that claimant also requested compensation for such injuries from the warden of the Illinois

State Penitentiary at Joliet, but was refused such request. These facts do not have the effect of avoiding the operation of the statute of limitations by the terms of which this Court is governed in its jurisdiction of claims brought before it. The statute clearly requires a claim to be filed with the Clerk of the Court within two years after it first accrues. It appears from the face of the record that this was not done.

Therefore, under the law, the Court is without jurisdiction to hear and determine this claim. The motion of respondent is allowed, and the complaint dismissed.